UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 94-127(1)(DSD)

United States of America,

       Plaintiff,

v.                                                **ORDER**

Reginald Pierre Beasley,

       Defendant.


      Lola Velazquez-Aguilu, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

      Reginald Pierre Beasley, #06722-041, USP Florence - High, P.O. Box 7000, Florence, CO 81226, pro se.


      This matter is before the court upon the pro se request by defendant Reginald Pierre Beasley to file a motion for reconsideration[1] of the court's December 4, 2014, order denying him relief under 28 U.S.C. § 2255. On September 7, 1995, the court sentenced Beasley to a term of imprisonment of 447 months. ECF No. 287. In relevant part, the court imposed a mandatory minimum term of 240 months on count 6, which charged Beasley with his third count of using a firearm in a crime of violence. <u>Id.</u>

---

[1] Although Beasley cites Federal Rule of Criminal Procedure 59(e), no such rule exists. Instead, the court construes Beasley's request for relief as arising under Federal Rule of Civil Procedure 59(e). <u>See</u> <u>Ackerland v. United States</u>, 633 F.3d 698, 701 (8th Cir. 2011) (noting that motions to reconsider on § 2255 orders are often construed as motions under Rule 59(e)).

Motions to reconsider require the "court's prior permission," which will be granted only upon a showing of "compelling circumstances." D. Minn. LR 7.1(j); see United States v. Fenner, No. 06-211, 2012 WL 2884988, at *1 (D. Minn. July 13, 2012) (applying Local Rule 7.1 to § 2255 petition). A motion to reconsider should not be employed to relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Beasley argues that reconsideration is warranted because his 240-month sentence violates his right to due process in light of Alleyne v. United States, 133 S. Ct. 2151 (2013). Alleyne held that any fact that increases a mandatory minimum sentence "is an 'element' that must be submitted to the jury." Id. at 2155. Beasley raised this argument in his § 2255 motion, which the court denied on the grounds that Alleyne does not apply retroactively on collateral review. The court has reviewed Beasley's § 2255 motion and the December 4, 2014, order and finds that no compelling circumstances exist for reconsideration.

Accordingly, **IT IS HEREBY ORDERED** that the request to file a motion for reconsideration [ECF No. 397] is denied.

Dated:  January 20, 2015

                                              s/David S. Doty  
                                              David S. Doty, Judge  
                                              United States District Court