```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                    Criminal No. 94-127(1)(DSD)
```

United States of America,

        Plaintiff,

v.                                                      **ORDER**

Reginald Pierre Beasley,

        Defendant.

This matter is before the court upon pro se defendant Reginald Pierre Beasley's motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b). Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

On June 6, 1995, a jury found Beasley guilty of one count of conspiring to commit bank robbery, two counts of armed bank robbery, one count of possessing an illegal firearm, and four counts of using a firearm in a crime of violence. See United States v. Beasley, 102 F.3d 1440, 1443 (8th Cir. 1996). On September 7, 1995, the court sentenced Beasley to 447 months' imprisonment. ECF No. 287. In relevant part, the court imposed a 240-month term of imprisonment for count 6, which charged Beasley with his third violation of 18 U.S.C. § 924(c)(1) (1994), for using a firearm in a crime of violence. Id.

On December 4, 2014, the court denied Beasley's first motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 394. On December 19, 2016, the Eighth Circuit Court of Appeals denied Beasley's motion to file a second or successive § 2255 motion. ECF No. 409. Beasley now moves for relief from final judgment pursuant to Rule 60(b).

**DISCUSSION**

**I. Rule 60(b)**

Beasley challenges his sentence on several grounds: (1) the court erred in imposing a mandatory minimum sentence; (2) his sentence for violating 18 U.S.C. 924(c) is void for vagueness; and (3) his trial counsel was ineffective. Because Beasley seeks to collaterally challenge his sentence, the court must construe this motion as a petition under 28 U.S.C. § 2255. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion ... under § 2255 ...."); see also United States v. Lambros, 404 F.3d 1034, 1037 (8th Cir. 2005) (affirming district court's construal of a Rule 60(b) motion as a § 2255 petition). In bringing this motion under Rule 60(b), Beasley attempts to avoid the requirement that he obtain authorization from the court of appeals for a successive § 2255 petition. Felker v. Turnpin, 518 U.S. 651, 657 (1996). A

defendant, however, cannot "bypass the authorization requirement ... for filing a second or successive ... § 2255 action by purporting to invoke some other procedure." Lambros, 404 F.3d at 1036.

Beasley has not received permission from the Eighth Circuit to file this successive § 2255 motion; therefore, the court is without jurisdiction to consider it. See Boykin v. United States, 242 F.3d 373, at *1 (8th Cir. Oct. 30, 2000).

## II. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The court is firmly convinced that it lacks jurisdiction to consider Beasley's motion and that reasonable jurists could not differ on the result. As a result, a certificate of appealability is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for relief under Rule 60(b) [ECF No. 413] is denied; and

2.  A certificate of appealability under 28 U.S.C. § 2253 shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 6, 2017

                                          <u>s/David S. Doty</u>
                                          David S. Doty, Judge
                                          United States District Court